**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3739NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| James Kevin Stiles, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 14, 1997
Filed: June 3, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, and FAGG and MURPHY, Circuit
Judges.

_____

PER CURIAM.

James Kevin Stiles and his drug partner retrieved a large package of
methamphetamine from the trunk of a rental car parked at the Cedar Rapids airport.
Unknown to Stiles, the police videotaped the entire episode. The Government charged
Stiles with several drug-related offenses, but Stiles fled to Mexico shortly before his
trial. About a year later, Stiles was returned to the United States and a jury convicted
him of possession with intent to distribute methamphetamine and conspiracy to
distribute and possess with intent to distribute methamphetamine. See 21 U.S.C. §§
841(a)(1), 846 (1994). Stiles appeals, and we affirm.

Stiles contends the district court's decision to give a deliberate ignorance jury instruction was clearly erroneous. See United States v. Gonzales, 90 F.3d 1363, 1371 (8th Cir. 1996). A deliberate ignorance instruction is appropriate when the defendant fails to investigate circumstances that indicate criminal activity is probably afoot. See United States v. Barnhart, 979 F.2d 647, 651-52 (8th Cir. 1992). Here, Stiles denied having any knowledge about the methamphetamine package, and claimed he accompanied his partner to Iowa so he could shop at an army surplus store. In addition to the evidence of either actual knowledge or no knowledge on Stiles's part, we believe a reasonable jury could have found Stiles consciously chose to remain ignorant of the true reason for tracking down the rental car. See United States v. Gruenberg, 989 F.2d 971, 974-75 (8th Cir. 1993) (government may proceed under both actual knowledge and deliberate ignorance theories). Stiles knew his partner's roommate had been arrested a few weeks earlier for transporting drugs in the rental car, and Stiles was within earshot when his partner lied to the rental car agent about why the partner needed to search the car. Even if the deliberate ignorance instruction was improperly given, the error was harmless because there is overpowering evidence of Stiles's guilt. See Barnhart, 979 F.2d at 652-53. The police videotape captured Stiles directing his partner to the precise location of the methamphetamine package, and as soon as the officers converged on the scene Stiles told his partner, "keep your . . . mouth shut!" Likewise, we reject Stiles's related contention that the evidence was insufficient to establish he was involved in his partner's drug trafficking activity. See United States v. Moore, 911 F.2d 140, 144 (8th Cir. 1990) (standard of review).

Last, Stiles contends the district court should have granted his motion for a mistrial after a police detective violated the district court's pretrial order prohibiting any testimony about the army weapons that were found at Stiles's home. Considering the detective's unrepeated remark in context of the entire case, we conclude the district court did not abuse its discretion by refusing to grant a mistrial. See United States v. Kiser, 948 F.2d 418, 426 (8th Cir. 1991). Indeed, the detective's weapons-related comment was made in response to a broad question by Stiles's counsel, and the district

court immediately cured any potential prejudice by instructing the jury to disregard the testimony.  See Moore, 911 F.2d at 143.

We thus affirm Stiles's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.